UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AISHA DEVLIN,

        Plaintiff,

v.

                                        Case No. 08-13064

COMMISSIONER OF SOCIAL SECURITY,       Honorable Julian Abele Cook, Jr.

        Defendant.

## ORDER

On July 16, 2008, the Plaintiff, Aisha Devlin, filed a complaint pursuant to 42 U.S.C. § 402(g) in which she challenges a final decision of the Defendant, Commissioner of Social Security ("Commissioner"), who had denied her application for disability insurance benefits under the Social Security Act. The matter was subsequently referred to Magistrate Judge Steven D. Pepe for his evaluation.

Approximately four months later (November 25, 2008), Devlin filed a motion with Magistrate Judge Pepe, in which she sought to obtain an extension of time to serve the Commissioner with a summons and a copy of the complaint. On December 3rd, this motion was granted by the magistrate judge who directed her to effectuate service upon the Commissioner on or before December 19th.

On January 29, 2009, after having examined the record in this action and determined that Devlin had not filed a proof of service with the Court, Magistrate Judge Pepe entered an order in

which he directed her to show cause on or before February 12th as to why this case should not be dismissed for failure to prosecute.

On February 13th, Devlin filed a second motion to extend the time in which to serve the Commissioner. In support of this motion, her attorney asserted that he had "been understaffed, and the person who works on the Social Security file was out of the office until January 5, 2009 and when she came back realized the court only gave two weeks from the date of the order for [Devlin] to serve the [Commissioner]." Finding this explanation to be meritorious, Magistrate Judge Pepe granted Devlin's request and on February 24th directed her to serve the Commissioner with the summons and a copy of the complaint on or before March 5, 2009.[1]

When Devlin failed to comply with the March 5th deadline, the magistrate judge issued an order on March 24th in which he gave her until April 3, 2009 to serve the Commissioner.[2]  On April 9th, Devlin filed a third motion for an extension of time in which to serve the Commissioner, claiming that she had mistakenly attempted to effect service upon the Commissioner in Bay City, Michigan rather than in Detroit, Michigan. On the following day, Magistrate Judge Pepe  granted Devlin's third motion for an extension of time and directed her to file a proof of service with the Court on or before May 11, 2009. As of this date, she has failed, refused and/or neglected to comply with this latest directive.

On July 22nd, Magistrate Judge Pepe issued a report in which he recommended that the

---

[1] Devlin was also advised that if she did not effectuate service upon the Commissioner on or before March 5, 2009, Magistrate Judge Pepe would prepare a report in which he would submit a recommend the dismissal of her complaint.

[2] This order also warned Devlin's counsel that Magistrate Judge Pepe would report him to the Attorney Grievance Commission of the Michigan State Bar if he abandoned his client's procedural rights by failing to effect service on the Commissioner.

Court dismiss Devlin's action for failure to prosecute. For the reasons that have been set forth below, the Court adopts Magistrate Judge Pepe's report and recommendation in full.

The Local Rules of this District provide, in part:

> [W]hen it appears that . . . the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown.

E.D. Mich. LR 41.2. The complaint was filed in this case more than one year ago, and despite having been given numerous opportunities to effectuate service upon the Commissioner, Devlin has been derelict in responding to the directives of the magistrate judge. It is now abundantly clear from the record in this action that the counsel for the Plaintiff has been negligent in such a manner that his client's appellate rights have been abandoned, the Court dismisses Devlin's action for failure to prosecute.

IT IS SO ORDERED.

Dated: September 30, 2009    S/Julian Abele Cook, Jr.
Detroit, Michigan     JULIAN ABELE COOK, JR.
     United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 30, 2009.

s/ Kay Doaks
Case Manager